IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



**CRAWL SPACE DOOR SYSTEM, INC.,**

Plaintiff,

v.  CIVIL ACTION NO. 2:19-cv-320

**SMARTVENT PRODUCTS, INC., et al.,**

Defendants.

*ORDER*

On February 3, 2020, Crawl Space ("Plaintiff") filed an Amended Complaint against Smart Vent Products, Inc. ("Smart Vent") and Risk Reduction Plus Group, Inc. ("Risk Reduction") claiming violations under § 1 and § 2 of the Sherman Antitrust Act. ECF No. 27. Relevant here, Plaintiff raised conspiracy claims under § 1 and § 2 against both Smart Vent and Risk Reduction. *Id.* at ¶¶ 89–103. On April 28, 2020, this Court issued a Memorandum Opinion and Order dismissing Plaintiff's §1 claim holding that as a parent and a wholly owned subsidiary, Smart Vent and Risk Reduction are incapable of conspiring together under § 1 of the Sherman Antitrust Act. *See Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 768 (1984). ECF No. 37. Based on the Court's reasoning, it follows then that Plaintiff's conspiracy to monopolize claim under § 2 of the Sherman Antitrust Act also fails. *See Advanced Health-Care Services, Inc. v. Radford Community Hospital, et al.*, 910 F.2d 139, 150 (1990) (affirming the district court's decision to dismiss § 2 claim for conspiracy to monopolize based on the reasoning in *Copperweld*).

Plaintiff's remaining § 2 claims are monopolization and attempted monopolization claims against Smart Vent. *See* ECF No. 27 at ¶¶ 100, 102–103. In its Amended Complaint, Plaintiff did not allege monopolization and attempted monopolization claims against Risk Reduction. *Id.* at ¶

1

100; *see Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 220 (4th Cir. 1994) (noting that at the motion to dismiss stage, it is not proper for the court to assume "that the defendants have violated the antitrust laws in ways that have not been alleged"). Therefore, having advanced no other viable claims against Risk Reduction under § 2 of the Sherman Antitrust Act, Risk Reduction is **DISMISSED** from this matter *Nunc Pro Tunc* April 28, 2020.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 12, 2020
*Nunc Pro Tunc*
April 29, 2020

/s/
Raymond A. Jackson
**United States District Judge**