# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division



FILED
AUG 21 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**CRAWL SPACE DOOR SYSTEM, INC.,**

    **Plaintiff,**

v.                                             **CIVIL ACTION NO. 2:19-cv-320**

**SMARTVENT PRODUCTS, INC., et al.,**

    **Defendants.**

## *MEMORANDUM ORDER*

Before the Court is Plaintiff Crawl Space Door System, Inc.'s ("Plaintiff") Motion for Relief from the Court's Order of June 12, 2020 ("Motion for Reconsideration") pursuant to Federal Rules of Civil Procedure 59(e) and 60. ECF No. 56. The Court's Order on June 12, 2020 dismissed Risk Reduction from the matter after finding that Plaintiff failed to state a claim under § 1 and § 2 of the Sherman Antitrust Act against Risk Reduction. ECF Nos. 37, 53. Plaintiff's motion for reconsideration seeks to reinstate Risk Reduction as a defendant in the above referenced action. ECF No. 56 at 11.

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend a judgment. The United States Court of Appeals for the Fourth Circuit has recognized three circumstances in which a Court may alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). While Rule 59(e) permits a district court to correct its own errors, it should not be used to relitigate old matters, or to raise arguments or present evidence that could have been

raised prior to entry of judgment. *See Pac. Ins. Co.*, 148 F.3d at 403. "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.*

Relatedly, a party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (*quoting Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, the party must identify one of the six subsections for relief outlined in Rule 60(b). *See id.* The party must clearly establish the grounds for relief "to the satisfaction of the district court, and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations omitted). Relevant here, a party seeking relief under Rule 60(b)(3) must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense. *Square Const. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) (citations omitted). Relief under Rule 60(b) is based on the sound discretion of the district court. *Id.*

Plaintiff argues that Defendant Smart Vent, in an attempt to gain an advantage at the motion to dismiss stage, misrepresented to the Court that Risk Reduction is a wholly-owned subsidiary of Smart Vent and that they share all the same officers – information that was relevant to the Court's analysis of Plaintiff's §1 claim. ECF No. 56 at 1. Plaintiff also argues that even if the Court were to find that there is still no § 1 claim based on judicial admission and the allegations in the Complaint, Risk Reduction should be brought back into the action to defend against § 2 claims. ECF No. 56 at 10. Plaintiff is therefore asking this Court to reconsider its § 2 claim against Risk Reduction to "prevent manifest injustice" under Rule 59(e) and to reconsider its § 1 claim based

on "fraud..., misrepresentation, or conduct by an opposing party," or "any other reason that justifies relief" under Rule 60(b). Fed. R. Civ. P. 60(b)(3), (6).

Notwithstanding Defendants' imprecise, inconsistent, and misleading information regarding the formalistic relationship between Smart Vent and Risk Reduction – the Court's analysis under § 1 was not based solely on the form of the relationship between defendants but on the substance of the relationship as alleged in the Complaint. *See Oksanen v. Page Mem'l Hosp.*, 945 F.2d 696, 703 (4th Cir. 1991) (noting that in being consistent with *Copperweld*, courts examine the substance, rather than the form, of the relationship). Based on the allegations in the Complaint, the Court found that Smart Vent and Risk Reduction, both sharing the same officers and physical location, were controlled by a "single center of decision-making" and shared "a complete unity of interest." ECF No. 37 at 8. Thus, the substance, rather than the form, of both companies demonstrated that Smart Vent and Risk Reduction were incapable of conspiring together under § 1. *See id.* Because the Court's analysis followed *Copperweld* and its progeny, Defendants' lack of clarity regarding the formal relationship between Smart Vent and Risk Reduction did not prevent Plaintiff from fully and fairly presenting its claim at the motion to dismiss stage. Therefore, any conduct by Defendants at the motion to dismiss stage is insufficient to alter the Court's Order regarding Plaintiff's § 1 claim against Risk Reduction.

As for § 2, the Court already made clear in its June 12, 2020 Order that Plaintiff failed to allege § 2 claims in its Amended Complaint against Risk Reduction. ECF No. 53. In its Order, the Court noted that Plaintiff did not allege § 2 claims against Risk Reduction, and at the motion to dismiss stage it is improper for the Court to assume "that the defendants have violated the antitrust laws in ways that have not been alleged." *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 220 (4th Cir. 1994). A motion for reconsideration should not be used to relitigate old

3

matters. *See Pac. Ins. Co.*, 148 F.3d at 403. Plaintiff has failed to identify a change in controlling law, new evidence, or a clear error of law that justifies relief under Rule 59(e), or to otherwise demonstrate that any of the subsections under Rule 60(b) justifies relief with respect to its § 2 claims.

Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**. The Court does not find it necessary to consider further evidence regarding the formal relationship between Smart Vent and Risk Reduction. The Court cautions both parties from continuing to litigate the issues related to the Motion to Dismiss, and strongly encourages the parties to engage in a settlement conference.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 20, 2020

Raymond A. Jackson
United States District Judge